UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

YOSEF LE ROI MUSTAFANOS,

    Plaintiff,

vs.

AARON FORD, et al.

    Defendants.

Case No. 3:20-cv-00237-RCJ-VCF

**ORDER**

    Plaintiff brings this case complaining of several parties' actions during his ex-wife's bankruptcy proceeding as well as their divorce proceedings in state court. However, all of his federal claims are either not civil causes of action or are time barred, as such the Court dismisses the federal claims with prejudice and the dismisses the remaining state law causes of action for lack of subject-matter jurisdiction.

**FACTUAL BACKGROUND**

    In the Complaint (ECF No. 1), Plaintiff alleges the following: Defendant Deborah June Strode filed for bankruptcy on or about February 3, 2014. At this time, Defendant Strode was Plaintiff's wife, but they were separated. During this proceeding, Defendant Strode unlawfully transferred Plaintiff's semi-truck into her own name with the help of her attorneys for this matter,

Defendants William and David O'Mara. These Defendants failed to declare certain items as part of Defendant Strode's estate, including jewelry, artwork, and Plaintiff's semi-truck, and did not report that she had separated from Plaintiff. Defendant Christina Lovato helped Defendant Strode take out a loan knowing that Plaintiff would declare bankruptcy.

At around 8:00 AM on or about September 14, 2014, Defendant Strode came to Plaintiff's residence with Defendant Gregory Kantz, who was a Lyon County Sheriff's Deputy. These Defendants demanded that Plaintiff let them into his residence to let them "take everything" and threatened to shoot him if he did not. The next day, Plaintiff met with Undersheriff Albert Torres, who ordered Defendant Kantz to never go back to Plaintiff's residence. Despite this order, Defendants Kantz and Strode returned to Plaintiff's residence on or about October 24, 2014 with twenty other people to take various items of Plaintiff's possession, including Plaintiff's semi-truck. Defendant Kantz threatened to shoot Plaintiff if he interfered. Defendant Kantz falsely claimed to have a court's permission to be there and repeatedly turned off his body camera, during this encounter.

On or about December 5, 2014, Plaintiff filed for divorce from Defendant Strode. Defendant Strode told Plaintiff that she only married him for a financial gain. She also said that she was smarter than Plaintiff and that he "has a brain of a monkey." Her friend laughed at Plaintiff.

On or about January 3, 2015, Plaintiff discovered that his semi-truck was on Defendant Edward Anderson's property. Plaintiff texted Defendant Anderson asking him to contact Plaintiff's attorney. Defendant Anderson instead went to the Sheriff's Department and falsely claimed to have received death threats from Plaintiff. On May 5, 2015, Defendant Anderson falsely represented to the state family judge, Defendant Judge Leon Aberasturi, that he was holding onto the semi-truck per the order of the bankruptcy court pending its disposition. Defendant Anderson
///

also falsely claimed to Judge Aberasturi that Plaintiff was trespassing on his property. Judge Aberasturi then issued an order that Plaintiff was not to get near Defendant Anderson's property.

Plaintiff claims that during the family court proceeding that Defendant David O'Mara made several false representations. For example, he indicated to the state family court that he did not know anything about the bankruptcy court proceedings and that he had not spoken to the bankruptcy trustee despite having done so.

In August 2017, Judge Aberasturi ordered the sale of Plaintiff's home. Defendant Leanndra Carr was hired to sell the property. Defendant Carr was never available to meet or speak with Plaintiff. She conspired with Judge Aberasturi and other unspecified Defendants to sell the house with the appliances despite the appliances belonging to Plaintiff's sister. In his final order, Judge Aberasturi gave nothing to Plaintiff and ordered him to pay $3,800 to Defendant Strode. Judge Aberasturi and Defendant Lovato refused to allow Plaintiff to bid on the sale of his semi-truck.

Plaintiff has appealed the state family court proceeding and the bankruptcy proceeding. (ECF No. 19 Exs. 1–8.) Plaintiff then brought a case substantially similar to this one with many of the same parties to this District with Case No. 3:16-cv-254-MMD-WGC. (ECF No. 12 Ex. 1.) Chief Judge Miranda Du granted summary judgment in favor of several defendants and dismissed remaining ones for lack of subject matter jurisdiction. (*Id.*)

Plaintiff claims jurisdiction under 28 U.S.C. § 1331[1] and raises fraud unto a court under Fed. R. Civ. P. 60(b); a claim under 18 U.S.C. § 242; claims under 42 U.S.C. § 1983 for violations of his constitutional rights of equal protection, due process, and to be free from unreasonable search and seizure; a claim under 18 U.S.C. § 152 for a fraudulent representation; a claim under 28 U.S.C. § 1746 for "Unsworn Declaration under Penalty of Perjury;" 18 U.S.C. § 157 for

---

[1] Plaintiff alleges that he and every Defendant is a resident of Nevada, so diversity jurisdiction is not proper under 28 U.S.C. § 1332.

"Bankruptcy Fraud;" 28 U.S.C. § 2513 for unjust imprisonment; defamation; conspiracy; corruption; 28 U.S.C. § 455; and "interference with interstate commerce." Plaintiff does not show which claim(s) he intends to bring against which Defendant.

Since Plaintiff has filed his complaint on April 14, 2020, Plaintiff has not served Defendants Stephen B. Rye, Jeff Carrol, and Christina Lovato. As such, this Court has dismissed these parties under Fed. R. Civ. P. 4(m). (ECF No. 36.) In May, two answers have been filed by Defendants W.T. Inc, W.T. Scrap Metals, W.T. Auto Electric Metal Recycling, Ed Anderson, Ed Anderson Enterprises, and Ed Anderson, Inc. (ECF Nos. 7, 13.) And Defendants Judge Aberasturi, Aaron Ford, Leanndra Carr, David O'Mara, and William O'Mara have filed motions to dismiss. (ECF Nos. 10, 17, 19.) Defendant Strode has filed a similar motion styled as a motion for summary judgment. (ECF No. 12; *see* ECF No. 21 (supplementing the motion).) Plaintiff has not responded to these motions except to file a motion in June seeking an extension of time to file a response to only ECF No. 17, (ECF No. 22), despite this Court issuing minute orders notifying Plaintiff that failures to respond can result in dismissal. (ECF Nos. 11, 18, 19.) In his filing, Plaintiff alternatively seeks voluntary dismissal without prejudice. (ECF No. 22.) On November 10, 2020, Plaintiff has renewed his motion for voluntary dismissal without prejudice styled as a reply to the Defendants' motions to dismiss. (ECF No. 38.)

## ANALYSIS

As an initial matter, Plaintiff cannot voluntarily dismiss this case without prejudice. Such dismissal is not proper unless the defendants stipulate to it if they have filed either a motion for summary judgment or an answer. Fed. R. Civ. P. 41(a). Here, Defendants have already filed numerous motions to dismiss, answers, and a motion for summary judgment, and no Defendant has stipulated to the dismissal. Therefore, Plaintiff request for a voluntary dismissal is denied.

///

Plaintiff's complaint presents several defects. First, it fails to satisfy Fed. R. Civ. P. 8's requirement to provide a short and plain statement of the facts in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "One well-known type of violation is when a pleading says too little—the baseline threshold of factual and legal allegations required was the central issue in the *Iqbal* line of cases." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013), citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It is unclear what causes of action Plaintiff attempts to bring against each Defendant because of this lack of clarity, Defendants do not have the needed notice to provide a sufficient response and as such dismissal is warranted.

Second, many of the Plaintiff's claims are not civil causes of action. Fed. R. Civ. P. 60(b) is a rule by which a litigant may seek relief from a court's judgment in federal court. This rule does not allow a litigant to file suit but to file a motion to that federal court. Similarly, 28 U.S.C. § 455 does not provide for a cause of action—only grounds by which a judge is disqualified to preside over a case in federal court. As for 28 U.S.C. § 1746, this statute merely provides rules for submitting declarations under penalty of perjury in federal court—not civil causes of action. Plaintiff also raises claims that are crimes—not civil claims: 18 U.S.C. §§ 152, 157, 242. *See Almond v. Bank of New York Mellon*, No. 1:18-CV-3461-MLB-JKL, 2018 WL 4846002, at *3 (N.D. Ga. July 20, 2018) (holding that § 152 does not create a civil cause of action); *Carpenter v. Young*, No. CIV.A. 04-927, 2005 WL 1364787, at *4 (E.D. Pa. June 1, 2005) (noting that §§ 152, 157 do support civil causes of action); *People of State of Montana v. Bullock*, No. CV 20-52-M-DLC-KLD, 2020 WL 5652451, at *3 (D. Mont. Sept. 23, 2020) (noting that § 242 does not provide for a civil cause of action). Lastly, there is no cause of action for "inference with interstate commerce." This is merely an element of some causes of action such as claims for violations of

federal antitrust laws. *See Jack Russell Terrier Network of N. Ca. v. Am. Kennel Club, Inc.*, 407 F.3d 1027, 1033 (9th Cir. 2005). Excising this non-claims from the complaint, there are only four federal causes of action remaining: unjust imprisonment under 28 U.S.C. § 1495[2] and three claims under 42 U.S.C. § 1983 for deprivations of constitutional rights to equal protection, due process, and to be free from unreasonable searches and seizures.

Third, the Court lacks jurisdiction to adjudicate claims under 28 U.S.C. § 1495, which states, "*The United States Court of Federal Claims* shall have jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned." This Court is not the United States Court of Federal Claims and as such lacks jurisdiction to consider claims brought under this statute. *Calloway v. United States*, 431 F. Supp. 1111, 1113–14 (E.D. Okla. 1977).

Fourth, Plaintiff's § 1983 claims are time barred. While the basis for these claims are difficult to parse through, the latest date in Plaintiff's complaint is in August 2017. For § 1983 claims, courts "apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." *Canatella v. Van De Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007). The statute of limitations for personal injury actions in Nevada is two years. Nev. Rev. Stat. § 11.190(4)(e); *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989). This defense has been presented in three motions to dismiss, (ECF Nos. 10, 17, 19), and Plaintiff has not responded to it. Accordingly, the Court dismisses the § 1983 claims with prejudice.

Fifth, the remaining claims of defamation, conspiracy, and corruption are not federal causes of action but may be state causes of action. As these causes of action are not federal, the Court

---

[2] Plaintiff cites 28 U.S.C. § 2513 but this statute merely provides prerequisites for bringing the case under 28 U.S.C. § 1495.

lacks jurisdiction under 28 U.S.C. § 1331. The Court also lacks jurisdiction under 28 U.S.C. § 1332 because all parties are domiciled in Nevada. The Court provides no comment on the potential merits of these claims and dismisses them without prejudice for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(h)(3). As the Court dismisses all claims that are raised in the complaint, the Court orders the case to be closed.

**CONCLUSION**

IT IS HEREBY ORDERED that Motion to Dismiss (ECF No. 10) is GRANTED.

IT IS FURTHER ORDERED that Motion for Summary Judgment (ECF No. 12) is GRANTED.

IT IS FURTHER ORDERED that Motion to Dismiss (ECF No. 17) is GRANTED.

IT IS FURTHER ORDERED that Motion to Dismiss (ECF No. 19) is GRANTED.

IT IS FURTHER ORDERED that Motion for Extension of Time (ECF No. 22) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's causes of action based 42 U.S.C. § 1983 are dismissed with prejudice against all parties.

IT IS FURTHER ORDERED that Plaintiff remaining causes of action are dismissed without prejudice for lack of subject-matter jurisdiction.

IT IS FURTHER ORDERED that the Clerk of the Court close the case.

IT IS SO ORDERED.

Dated November 30, 2020.

_____
ROBERT C. JONES
United States District Judge